**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D Henry, | No. CV-25-02996-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Pinal County Community College District, et al., | |
| Defendants. | |

Plaintiff Michael Henry filed a lawsuit after Central Arizona College ("CAC") issued a "no-trespass" order temporarily banning him from CAC property. (Doc. 1.) He sued various defendants who were allegedly involved in implementing the no-trespass order. Defendants moved to dismiss all counts. (Doc. 5.) This court granted that motion and dismissed the complaint on May 4, 2026. (Doc. 8.) Fifteen days later, on May 19, 2026, Henry filed a motion for reconsideration regarding certain aspects of the order. (Doc. 9.)

Pursuant to Local Rule 7.2(g), absent a showing of good cause, a motion for reconsideration must be filed no later than fourteen days after the subject order is issued. Henry's motion was filed fifteen days after the relevant order's filing. He did not address the motion's untimeliness, let alone show good cause for the delay. The motion could be denied on that basis alone.

But the content of the motion, too, makes clear the court's prior order does not merit reconsideration. Henry's motion relies on Fed. R. Civ. P. 60(b)(1), under which a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect," and

alleges the court made mistakes of law. *See Kemp v. United States*, 596 U.S. 528, 533 (2022). Local Rule 7.2(g)(1) states reconsideration is only appropriate with "a showing of manifest error" or "new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." Such motions are disfavored and are not appropriate simply to "ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003).

Henry's motion asks just that. It makes two arguments: the court incorrectly granted one officer qualified immunity and incorrectly found a Driver Privacy Protection Act ("DPPA") exception applied. (Doc. 9 at 2-7.) Henry explicitly acknowledges throughout the filing that he raised the same arguments in opposing the motion to dismiss. (Doc. 9 at 2-7.) And his motion relies on the same cases he previously cited in briefing. (Doc. 9 at 2-7; *see* Doc. 6.) In ignoring the order's citation to defendants' assertion of the qualified immunity defense for Christopher D'Souza's claim (*see* Doc. 8 at 4, 6), its reasoning that he did not cite qualified immunity case-law with sufficiently similar circumstances to D'Souza's (Doc. 8 at 7), and its reasoning that he did not properly allege defendants had impermissible purposes under the DPPA or that he could overcome qualified immunity for that claim (Doc. 8 at 10), Henry is asking the court to rethink arguments it considered and rejected.

Henry's motion reiterates previously-addressed points and does not show manifest error. It was also untimely filed without explanation or a showing of good cause.

Accordingly,

**IT IS ORDERED** Henry's Motion for Relief from the court's order (Doc. 9) is **DENIED**.

/

/

/

/

/

- 2 -

**IT IS FURTHER ORDERED** that any amended complaint must be filed no later than **May 27, 2026**.

Dated this 20th day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge